UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS ALEXEEV, <br><br> Petitioner, <br><br> v. <br><br> JEFF B. SESSIONS, et al., <br><br> Respondent. | No. EDCV 18-619-JLS (AGR) <br><br> OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241) |

The Court agrees with Respondent's June 6, 2018 Suggestion Of Mootness showing that Petitioner has received conditional release from pre-removal ICE custody, which is the relief sought in the Petition. His conditional release on or about June 1, 2018 renders the case moot.

**I.**

**BACKGROUND**

On March 23, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner states in the Petition that he was born in the former Soviet Union, believes himself to be a citizen of that country, and is the subject of a final order of removal. He was taken into removal-related ICE custody and remained there for over 180 days prior to filing the Petition. Petitioner challenges the length of his pre-removal detention.

On June 6, 2018, Respondent filed a Notice that Petitioner Has Been Released and Suggestion Of Mootness. (Dkt. No. 10.) Exhibit 1 is an Order of Supervision indicating that Petitioner was released from ICE custody on June 1, 2018, subject to certain conditions.

## II.

## **DISCUSSION**

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

In *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991), the petitioner, a foreign national, sought habeas relief to challenge the indefinite duration of his immigration detention after the revocation of his parole. This Court dismissed his petition without prejudice for failure to exhaust administrative remedies, and he appealed. While his appeal was pending, he was released from custody and re-paroled for one year. The Ninth Circuit held that his release and re-parole rendered the case moot. *Id.* at 776

("Picrin-Peron has requested only release from custody.  Because he has been released, there is no further relief we can provide.").  Given that Petitioner has already been conditionally released, as he wished, this Court is unable to provide further relief and will dismiss the case summarily.  See *McNutt v. Chelan County*, 2008 WL 4148604, *1 n.1 (E.D. Wash. 2008) ("Habeas petition[s] brought under § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.").

  IT IS HEREBY ORDERED that the Petition is DENIED as moot.

DATED: June 12, 2018

JOSEPHINE L. STATON
United States District Judge